United States District Court

District of Connecticut

Fredy Morales,               :                    Prisoner

    Petitioner           :     Case No. 3:09-CV-01372 MRK

                 :

v.                           :

                 :

Peter Murphy, Warden,        :     May 31, 2010

    Respondent           :


Petitioner's Response to Motion to Dismiss


    In accordance with the Court's Order of
January 20, 2010, the petitioner hereby responds to
the Motion to Dismiss filed by the respondent on
January 19, 2010. [①]

    As set forth below, Respondent's Motion to
Dismiss should be denied because:


1. The Petitioner gratefully acknowledges the generosity of the
Court in granting the extensions of time he requested in March
2, 2010 and that created by the Court's issuance of its Final
Notice to Petitioner on 5-24-10 and offers his sincere apology
to the Court for the delays.

— The delays the petitioner encountered in filing his
   federal habeas corpus petition, which resulted in
   his exceeding the one-year time limitation created
   by AEDPA, were due to impediments created by
   and under the control of the State of Connecticut.

— The petitioner has exhausted his state remedies
   with respect to all of the grounds of his
   petition, or, in the alternative

   —the Court should waive the exhaustion
      requirement for Ground Two of the
      petition, or

   —the Court should stay this proceeding to
      allow the petitioner to complete the
      necessary state court actions to exhaust
      the second ground of his petition.

## Standard of Review

In ruling upon whether a complaint survives a motion to dismiss,
a court must take the facts to be those alleged in the complaint... [2]
This includes those facts necessarily implied from the


2. Young v. Commissioner of Corr., 104 Conn. App. 188, 193 (2007),
   cert. denied, 285 Conn. 207 (2008)

allegations. The court must construe the facts in the manner most favorable to the non-moving party.

Timeliness

The Petitioner accepts, for the purpose of this motion, the respondent's accounting of the days which passed between his conviction and the filing of his state habeas corpus petition and the days which elapsed between the Connecticut supreme court's denial of his petition for certification of his state habeas appeal and the filing of his federal habeas corpus petition.[3] He therefore does not deny that, based on a strict calendar accounting, his federal habeas corpus petition was not filed within one year of the completion of the review of his conviction by the state courts.[4] That delay, however, was due entirely to impediments entirely within the control of the Connecticut Department of Correction (hereafter, "DOC"); for whom the respondent serves as a warden at the MacDougall-Walker Correctional Institution where

3. There may be minor accounting problems with the respondent's numbers, but they do not ultimately affect the outcome with respect to the one-year limitation of the AEDPA.
4. See Appendix A.

4

the petitioner is housed; which fails completely to
provide inmates in its custody with assistance in the
preparation and filing of state and federal habeas
corpus petitions in violation of the standard set
forth in Bounds v. Smith.[5]

While the federal courts have never required
prison systems to provide inmates with the means to
become "litigating machines," prison officials have an
affirmative duty to help inmates prepare and file
legal papers either by establishing an adequate law
library or providing adequate legal assistance from
persons trained in the law. The method by which
a prison system accomplishes this is flexible and open
to wide discretion, but access to the assistance
must be "meaningful."[6] As the respondent so
extensively quoted:

"the fundamental [federal] constitutional right
of access to the courts requires prison
authorities to assist inmates in the preparation
and filing of meaningful legal papers by providing
prisoners with adequate law libraries or adequate
assistance from persons trained in the law."[7]

5. 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d. 72 (1977)
6. 37 Geo. L. J. Ann. Rev. Crim. Proc. 944 (2008) (here after, "Georgetown)
7. Respondent's Memorandum, page 12, citing State v. Fernandez,
254 Conn. 637 (2000) citing Bounds v. Smith. Emphasis added.

But the DOC does not provide inmates with assistance in the preparation and filing of habeas corpus petitions, state or federal.

As the respondent correctly points out, pursuant to state law, the State of Connecticut appoints attorneys to represent indigent inmates during state habeas corpus proceedings.[8] Such counsel, however, is not appointed until *after* a state habeas corpus petition is filed. No appointed counsel is available to inmates during the preparation and filing of their habeas corpus petitions. As the respondent again correctly points out, the Supreme Court has determined that the federal constitution does not require states to appoint counsel for indigent prisoners seeking state post-conviction relief.[9] The respondent interprets this to mean that the petitioner is not entitled to counsel with preparation of a federal habeas action[10] and the petitioner has no conflicting opinion to support a disagreement.[11] But the respondent ignores

---

8. Id. at 2,3.
9. Id. at 14, citing Murray v. Giarratano, 492 US. 1, 7 (1989)
10. Ibid.
11. Of course, the petitioner also lacks access to any federal opinion more recent than 1996 due to the limited legal references available in the inmate library of MacDougall-Walker C.I.  See Appendix B

6

his own citation to <u>Lewis v. Casey</u> : [12]

see also <u>Lewis</u>, supra, 518 U.S. at 352, 116 S.Ct. at 2180 (one method of providing meaningful access to the courts 'might replace [legal] libraries with some minimal access to legal advice and a system of court-provided form.' " [13]

This is a prime example of the respondent's failure to allow the petitioner access to the court. As noted above, Connecticut inmates are not provided with counsel until after they prepare and file a state habeas corpus petition, and they are never provided with counsel at all for federal habeas purposes. The DOC does not maintain law libraries in its facilities. [14] The DOC limits and sharply discourages inmates from assisting other inmates with legal matters. [15] The DOC has no formal or informal system of providing inmates with legal advice on how to prepare habeas

─────────────────

12. 518 U.S. 343 (1996)

13. Respondent's Memorandum, page 14.

14. Connecticut Department of Correction Inmate Handbook, Revised 2007, pages 46, 63. See also Appendix B.

15. Connecticut Department of Correction Administrative Directives prohibit inmates from possessing another inmate's legal papers. See also Appendix. B.

corpus petitions.[16] The state habeas corpus petition form which does exist is printed only in English.[17] Overall, the DOC falls far short of any minimal standard recognized by the courts for providing meaningful access to the courts in the preparation and filing of habeas corpus petitions.[18]

The respondent's claim that the petitioner was provided with access to the courts adequate to meet the requirements of Bounds v. Smith is based on a ridiculous and dishonest interpretation of his petition and on a deliberately misleading description of the legal assistance provided to Connecticut inmates by attorneys appointed to them by the state in habeas corpus proceedings. The respondent states that:

"He (the petitioner) obviously was provided with the state habeas form because he initiated that proceeding less than six months after his conviction..."[19]

"The petitioner merely states that the Connecticut Department of Correction does not

16. See Appendix B.
17. See Appendix C. The form is actually a product of the state judicial system, not the D.O.C.
18. See Appendix D.
19. Respondent's Memorandum, page 13.

provide assistance to non-English speaking persons with the preparation of their (Federal) habeas form."[20] (Parenthesis in original)

"The petitioner offers absolutely no exploination why, for the nearly three years he was represented by counsel, he failed to utilize the services of the various attorneys to ultimately pursue remedies in federal court."[21]

Yes, the petitioner was provided with the state habeas form. A form he could not read. A form for which there is no Spanish version. He was given no access to an interpreter. He was given no meaningful assistance in the preparation and filing of the form; the fundamental requirement of Bounds v. Smith. As his petition states, it took nearly six months, due to the circumstances of his incarceration, to identify, contact, and obtain the voluntary assistance of another inmate. Assistance the law required the DOC to provide, but it did not. The DOC's failure to meet its obligation was an impediment which delayed the petitioner's filing of his state habeas petition and, statutorily, tolled the AEDPA time limit.

20. Id. at 14.
21. Ibid.

Yes, the petitioner was able to obtain a federal habeas corpus form.[22] The respondent does not contest the petition's allegation that DOC provided no assistance in the preparation of the form. Instead, he basically says, "We are not required to give him an attorney." The petitioner agrees. The Court in *Bounds v. Smith* would, no doubt, agree. But the DOC *is* required to provide the petitioner meaningful assistance in preparing and filing the form. The DOC provided no assistance at all, so it took the petitioner nearly a year to overcome the barriers to filing his federal habeas petition because of the impediment the state created. Again, the statute provides for a tolling of the time limit.

As to the respondent's implication that the petitioner should have obtained assistance with his federal habeas corpus petition from the attorneys appointed to him by the state for his state habeas corpus proceeding, it is difficult to imagine a more disingenuous argument. When an attorney is appointed to represent an inmate in a matter in a Connecticut court at state expense, the attorney's representation is limited to the matter for which they are appointed. They

22. The DOC did not provide this form. The petitioner learned from another inmate how to obtain it. The form was also available only in English.

do not and will not assist the inmate in another matter unless appointed by a court to the additional docket.[23] Furthermore, the suggestion flies in the face of common sense. The respondent's proposed course of action would entail an attorney advising a client in advance of how to proceed when the attorney's current representation is unsuccessful. To say that such advice undermines trust in an attorney's competence would be a major understatement. Issues of conflict of interest would also arise. And, as the Court is aware, not all attorneys are authorized to practice before the federal court, so the situation of a licensed attorney presuming to prepare filings for a court they are not qualified to appear before raises issues as well. None of which really matters because respondent's counsel knows that such advice and assistance was never available to the petitioner from his state-appointed attorneys.

Finally, the DOC should not be permitted to take credit for the work of "jailhouse lawyers." The DOC maintains no formal or informal system to facilitate such inmate-to-inmate assistance.[24] The petitioner obtained his assistance despite the DOC, not because of them.


23. Since a federal habeas corpus action would never exist during the time when an inmate was first pursuing a state habeas, there would be no matter to which an appointment could occur.

24. See Appendix B

The DOC clearly failed to provide meaningful assistance to the petitioner in the preparation and filing of his state and federal habeas corpus petitions. The provision of forms, in a language he could not read, with no other assistance in the preparation and filing of the petitions resulted in delays until the petitioner could locate and obtain voluntary help from other inmates. These delays were the results of deliberate policies of the DOC. The impediments created by these policies justify tolling the time requirements of the AEDPA and allowing the petitioner to proceed with this petition.


## Exhaustion

The respondent's claim that the petitioner's second ground for his federal petition - involuntary plea - has not been exhausted is incorrect. While it is certainly correct that issues raised in a federal habeas petition must first have their potential remedies in state court exhausted, the Connecticut courts have had ample opportunity to, and did review the petitioner's claim that his plea was involuntary.

The Petitioner's amended state habeas corpus petition raised, among other grounds for relief, that:

"Trial counsel did not adequately advise the petitioner concerning the sentence and it was the petitioner's belief he would have a jury trial." [25]

"... the petitioner's please (sic) was not entered knowingly and voluntarily." [26]

As the 'respondent notes, 'the exhaustion requirement... is not intended to block access to the federal courts. Rather, it is intended to, and does, [give] state courts an opportunity to correct any constitutional errors that may have crept into the state criminal process." [27] Any first year law student, much less a state court judge or an appointed attorney, would recognize, as the respondent does, that the petitioner's state habeas petition raised the issue that the petitioner's plea was not voluntary. The state courts thus had the opportunity to correct the constitutional error in the state criminal process which convicted the petitioner. The petitioner recognized it and raised it, however inexpertly, in

25. Respondent's Memorandum, page 18.
26. Ibid.
27. Id. at 17-18, citing Wilwarding v. Swenson, 404 U.S. 249 (1971)

his original state petition. If his state-appointed attorneys subsequently failed to properly brief and argue the issue, the petitioner should not be penalized for their incompetence. (These are the same attorneys to whom respondent claims the petitioner should have turned for assistance in preparing his federal habeas claim. Does respondent now wish to contend they were unable to give the respondent competent advice?)

Even if the Court determines that the petitioner has failed to exhaust his state remedies with respect to the second ground of his petition, the Court should dispense with the exhaustion requirement in this case. A court may dispense with the exhaustion requirement in a federal habeas corpus petition if further state litigation would be futile.[28] The exhaustion requirement requirement can be excused if a claim would be procedurally barred if presented in state court.[29] Assuming that the respondent is correct in his interpretation of the law, the petitioner's claim that his plea was involuntary would be procedurally defaulted if he tried to file it in state court because he never filed a direct appeal.[30] It

28. Georgetown at 886
29. Grey v. Hoke, 933 F.2d 117, 120 (2d. Cir. 1991)
30. Respondent's Memorandum, page 18, citing Lorthe v. Comm. of Corr.

is therefore not possible for the petitioner to pursue the issue in state court and the Court should waive the exhaustion requirement.

In the alternative, if the Court concludes it is faced with a mixed petition which cannot be otherwise remedied, then the petitioner moves the Court to stay the petition pursuant to the Supreme Court's guidance in Rhines v. Weber.[31] This will permit the petitioner to return to state court to exhaust the state remedies concerning his involuntary plea claim and will avoid future litigation concerning the timeliness of the petitioner's filing which a dismissal at this time would create. It would also create a motivation for the state's appointed counsels to pay greater attention to the details of their client's case, knowing their work would shortly be subject to federal review.

Conclusion

The untimely nature of the petitioner's claim is due to the denial by the respondent of the petitioner's fundamental right to assistance in the preparation and

31. 125 S.Ct. 1528 (2005)

filing of legal papers. All the appointed counsel in the world is of no avail if you have no way to fill out the preliminary paperwork needed to qualify. Then, when those appointed counsel fail to properly pursue claims to exhaustion, they go away and do not even help fill out the federal paperwork. And the state wants to hold the petitioner responsible for the weaknesses in his petition. The Court should deny the motion to dismiss.

By the Petitioner,

Fredy Morales    # 311745
MacDougall Corr. Inst.
1153 East St. South
Suffield, CT 06080

CERTIFICATION

The Petitioner hereby certifies that a copy of the foregoing was mailed to Respondent's counsel on the date shown.

Tamara A Grosso, esq
300 Corporate Place
Rocky Hill, CT 06067

Date: June 3, 2010

Fredy Morales

# Appendix A

Technically, the petitioner's federal habeas corpus petition was filed within one year of the final state court review of his criminal case and post-conviction appeals. The petition was filed 347 days after the Connecticut supreme court's denial of certification. Only the accounting system which has grown up since 1996 which charges inmates with any delays which occur between the conclusion of one part of the state court process and another, a system which Congress neither created nor mandated, places the petitioner beyond the one-year time limit. Whether this accounting burden is just and lawful in the petitioner's circumstance is not at issue in this motion.

Appendix B.


Affidavit of Scott Pickles

Affidavit of Scott Pickles

I, Scott Thomas Pickles, being of sound mind, over the age of 18 years, and aware of the obligations of an oath, do hereby state under penalty of perjury that:

1. I am a 1994 graduate of the University of Connecticut School of Law and was a member of the Connecticut Bar Association from 1995 to 1997.

2. I have been incarcerated at MacDougall-Walker Correctional Institution since the summer of 2005 and am very familiar with the contents of the legal reference section of the inmate library at MWCI.

3. The only legal materials available to inmates at the MWCI library which are maintained in a current status are the Connecticut court reporters, Connecticut General Statutes, and the Public Acts of the General Assembly. Federal Reporters and Supreme Court reporters have not been purchased since about 1994. Legal research materials such as the Connecticut Digest, American Jurisprudence, Shepard's Citations, Federal Practice Digest, and American Law Review (ALR) have not been updated

Page 1 of

2

since the 1992-1996 era. An inmate examining the legal references at MWCI would remain unaware that the Anti-terrorism and Effective Death Penalty Act of 1996 existed. There is no reference to it.

4. Connecticut Department of Correction Administrative Directives prohibit inmates from possessing the property of other inmates, including legal papers.

5. I have been told by Department of Correction staff that I am not allowed to assist other inmates with legal matters. I have not been ordered not to assist other inmates with legal matters.

6. There is no program in place at MWCI whereby inmates are provided with an opportunity to obtain information or assistance from other inmates who are knowledgeable in the law or legal procedures.


Date: May 30, 2010                          Scott Pickles

                                            Scott Pickles #256759

                                            MacDougall Corr. Inst.

                                            1153 East St. South

                                            Suffield, CT 06080

Appendix C



## State of Connecticut

OFFICE OF CHIEF PUBLIC DEFENDER

30 TRINITY STREET – 4TH FLOOR
HARTFORD, CONNECTICUT 06106
TEL: 860-509-6403
FAX: 860-509-6495

ATTORNEY BRIAN S. CARLOW
DEPUTY CHIEF PUBLIC DEFENDER

**LEGAL MAIL**

September 14, 2009

Mr. Scott Pickles, # 256759
MacDougall CI
1153 East Street South
Suffield, CT 06080

Dear Mr. Pickles:

I am in receipt of your letter dated August 28, 2009.  We have made inquiry and have
determined that there is not a Spanish version of the Habeas Corpus petition that is
available.  I am sorry that we cannot assist you and the other inmates with respect to this.

Sincerely,

Brian S. Carlow
Deputy Chief Public Defender

BSC/ld

English – Spanish Dictionary
Translate
Enlist Translator
Enlist Reviewer
Type
Submit

# PETITION FOR WRIT OF HABEAS CORPUS

**Notice** – Starting October 1, 2006, A petition that challenges a conviction, confinement or other deprivation of liberty that is a result of conviction of a crime, must be filed at the **Superior Court, 20 Park Street, P.O Box 980, Rockville, CT  06066**.  File the original and two copies with the court clerk.

If the petition raises claims based on anything *other than* a criminal conviction (such as adjudications not guilty by reason of insanity or as a juvenile) , the petition and two copies must be filed in the Judicial District where the petitioner is confined or held.

Inmate No.:

Name of Inmate:

vs. Warden Location

FOR SUBMISSION TO SUPERIOR COURT AT:

Address:

1. Details of conviction(s) and sentence(s) now being served:

| | |
|---|---|
| 1a. | Date of Arrest: |
| 1b. | Location of Court: |
| 1c. | Sentencing Judge: |
| 1d. | Date(s) of sentencing: |
| 1e. | Sentence(s) (specify individual counts): |
| | Concurrent or Consecutive: |
| | Total effective sentence: |
| 1f. | I ☐ Pleaded guilty.    Date of plea: |
| | (or) I ☐ was convicted by:    a jury ☐    a judge ☐ |
| 1g: | Total time in jail before sentencing:    _____    (days) |
| 1h. | My lawyer was:  ☐ A Public Defender or Special Public Defender<br>                ☐  Privately retained (paid to represent you):<br><br>Name(s) of your lawyer(s): |

2. Did you apply for sentence review?  ☐ Yes   ☐ No

If yes, what result?:

Appendix D

Compare:

Bear v. Kautzky, 305 F.3d 802, 804 (8th Cir. 2002) (right
of access claim stated because prison regulations
restricted inmate-to-inmate legal communication)

DOC regulations prohibit inmates, such as jailhouse lawyers,
from possessing the legal papers of other inmates, such as the
transcripts, briefs, or opinions from an inmate's case which
would be necessary to determine the grounds for a
habeas petition.

Gluth v. Kangas, 951 F.2d 1504, 1508 (9th Cir. 1991) (right
of access claim stated because lack of assistance by
people trained in law and unreasonable restrictions on
library access...)

DOC provides no assistance by people trained in
law to inmates preparing habeas corpus petitions and
does not maintain legal libraries.

Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 851-56
(9th Cir. 1985) (right of access not violated by prison plan
that provided law library and aid of inmate law clerks
for illiterate and non-English-speaking inmates)

DeMallory v. Callen, 855 F.2d 442, 446-49 (7th Cir. 1988) (right of access claim stated where inmate with no appointed counsel was denied access to all legal assistance except 1969 state statutes, written correspondence with inmate paralegals, and materials requested through "exact-cite" systems)

During the preparation of his federal habeas petition in 2008-2009, the petitioner's only legal references consisted of a library where the most recent federal opinion was prior to 1996. No inmate paralegals were available to him and passing written notes to other inmates created a risk of disciplinary action. And no system for requesting materials by citation existed.

DOC does not provide law libraries, inmate law clerks, or interpreters for non-English-speaking inmates.

Peoples v. CCA Detention Ctrs., 422 F.3d 1090, 1107 (10th Cir. 2005) ( right of access not violated though prisoner not given access to law library because he was provided access to person trained in the law )

DOC does not maintain law libraries in its facilities and did not provide the petitioner access to a person trained in the law during the preparation and filing of his habeas corpus petitions.

Shango v. Jurich, 965 F.2d 289, 292-93 (7th Cir. 1992) (library adequate because conformed to American Association of Law Library minimal standards... prisoners received additional access to resident legal clerks and jailhouse lawyers...)

DOC does not maintain law libraries. Federal references at MWCI terminate after 1994-96. No legal clerks exist and jailhouse lawyers are actively discouraged.