# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDY MORALES, | : |
| Petitioner, | : |
| v. | : No. 3:09cv1372 (MRK) |
| PETER MURPHY, WARDEN, | : |
| Respondent. | : |

## RULING AND ORDER

Petitioner Fredy Morales, a Connecticut inmate, brings this *pro se* Petition for a Writ of Habeas Corpus [doc. # 1] pursuant to 28 U.S.C. § 2254, challenging his state court murder conviction. For the reasons set forth below, the Court DENIES Mr. Morales's petition.

## I.

The Court will briefly recite the procedural and factual history of the case. More facts will be added as necessary when the Court turns to consider Mr. Morales's claims.

On June 2, 2004, Mr. Morales pled guilty in state court to a charge of murder, in violation of Connecticut General Statutes § 53a-54a. Pursuant to a plea agreement, the State agreed to recommend a sentence of no more than thirty-five years incarceration, with a statutory minimum sentence of twenty-five years incarceration. *See* Plea Tr., App'x A to Mem. in Opp'n, at 7-8. The trial court accepted the plea after finding that it was "voluntarily and understandingly made . . . with the assistance of counsel," and there was "a factual basis for the plea." *Id.* at 11. Mr. Morales was sentenced to thirty-five years' imprisonment on September 17, 2004. During both the plea hearing and the sentencing hearing, Mr. Morales, a native Spanish-speaker, was assisted by a Spanish

interpreter.

On March 7, 2005, Mr. Morales filed an application for a writ of habeas corpus in the Connecticut Superior Court. Counsel was appointed to represent Mr. Morales in that habeas proceeding, and Mr. Morales filed an amended habeas petition, through counsel, on June 23, 2006. *See* Amended State Habeas Pet., App'x C to Mem. in Opp'n. In both his original and amended petition, Mr. Morales alleged that he had received ineffective assistance of counsel at the trial level in violation of the Sixth and Fourteenth Amendments to the United States Constitution. He also sought permission to file an Application for Sentence Review. On November 15, 2006, the state habeas court denied Mr. Morales's petition as to the ineffective assistance of counsel claim but granted Mr. Morales's request to seek sentence review. *See Morales v. Comm'r of Corr.* ("*Morales I*"), No. CV054000361, 2006 WL 3491687, at \*6 (Conn. Super. Ct. Nov. 15, 2006). On December 1, 2006, the state habeas court denied Mr. Morales's petition for certification to appeal its decision. *See Morales v. Comm'r of Correction* ("*Morales II*"), 107 Conn. App. 793, 794 (2008).

Although the state habeas court denied certification to appeal, Mr. Morales appealed the habeas court's judgment to the Connecticut Appellate Court. In a per curiam decision, the Connecticut Appellate Court dismissed Mr. Morales's appeal on May 20, 2008. *See id.* On September 5, 2008, the Connecticut Supreme Court denied Mr. Morales's petition for certification for appeal the Connecticut Appellate Court's decision. *See Morales v. Comm'r of Correction* ("*Morales III*"), 289 Conn. 903, 903 (2008).

Mr. Morales filed his § 2254 habeas petition with this Court on August 31, 2009, setting forth two grounds for relief: that he was deprived of effective assistance of counsel (Ground One); and that his guilty plea was not knowingly, voluntarily, or intelligently made (Ground Two). *See*

Pet. [doc. # 1]. On January 19, 2010, in response to the Court's Order to Show Cause [doc. # 2] why the relief sought should not be granted, Respondent filed a Motion to Dismiss [doc. # 8] Mr. Morales's petition. Respondent made two arguments in support of its Motion to Dismiss: (1) that the petition was barred by the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132 § 101, 110 Stat. 1214, 1217 (codified at 28 U.S.C. § 2244(d)); and (2) that Mr. Morales had not exhausted his second ground for relief, making his petition a "mixed petition" that had had to be dismissed under 28 U.S.C. § 2254(b).

On June 30, 2010, the Court issued a Ruling and Order [doc. # 16] denying Respondent's Motion to Dismiss. The Court rejected Respondent's argument that Mr. Morales's second ground for relief was unexhausted, finding that Mr. Morales's claim that his guilty plea was involuntary was embedded within the ineffective assistance of counsel claim that was rejected by the Connecticut Appellate Court in Mr. Morales's state habeas case. *See* Ruling and Order [doc. # 16] at 3 (explaining that "the state court not only had a 'full and fair opportunity' to resolve Mr. Morales' argument that his plea was involuntary . . . it actually reached that issue"). With regard to Respondent's argument that Mr. Morales's petition was untimely, the Court concluded that the record did not permit the Court to determine whether Mr. Morales was entitled to statutory or equitable tolling of AEDPA's one-year limitations period, and that if Respondent was not willing to concede that Mr. Morales was entitled to tolling, the Court would have to hold an evidentiary hearing on that issue. Mr. Morales had argued that he was entitled to statutory or equitable tolling because the State of Connecticut had denied him meaningful access to the courts. On July 14, 2010, Respondent notified the Court that although it did not concede that Mr. Morales was entitled to statutory or equitable tolling of AEDPA's one-year limitation period, it waived its statute of limitations defense.

3

On October 15, 2010, Respondent filed a Memorandum in Opposition [doc. # 21] to Mr. Morales's petition. On October 25, 2010, the Court denied Mr. Morales's Motion to Appoint Counsel [doc. # 19], and on March 29, 2011, the Court issued an Order [doc. # 23] stating that if Mr. Morales wished to respond to Respondent's Memorandum in Opposition to his petition, he needed to do so no later than April 29, 2011. Mr. Morales has not filed any reply to the Memorandum in Opposition.

**II.**

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a federal court may not grant "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" unless the state court's "decision . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *see Yarborough v. Alvarado*, 541 U.S. 652, 655 (2004); *Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir. 2010) (en banc); *Ancona v. Lantz*, No. 3:05cv363 (MRK), 2005 WL 1554029, at *1 (D. Conn. July 5, 2005). Thus, when faced with a state prisoner's petition for a writ of habeas corpus, a federal court must ask three questions: "(1) Was the principle of the Supreme Court case law relied upon by the petitioner 'clearly established' when the state court ruled?; (2) If so, was the state court's decision 'contrary to' that established Supreme Court precedent?; (3) If not, did the state court decision constitute an 'unreasonable application' of that principle?" *Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001).

Regarding the first inquiry, only holdings of the Supreme Court, not the Second Circuit, can provide a basis for habeas relief. *See DelValle v. Armstrong*, 306 F.3d 1197, 1200 (2d Cir. 2002) ("[A]fter AEDPA, [a Second Circuit decision] cannot serve as a basis for federal habeas relief under Section 2254 [unless] it has [a] counterpart in Supreme Court jurisprudence."). Moreover, the

4

Second Circuit has instructed that "the statutory phrase 'clearly established Federal law, as determined by the Supreme Court of the United States,' refers to 'the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008) (citations and alteration omitted). That said, "although the Supreme Court must have acknowledged the right, it need not have considered the exact incarnation of that right or approved the specific theory in order for the underlying right to be clearly established." *Ryan v. Miller*, 303 F.3d 231, 248 (2d Cir. 2002).

The Second Circuit has explained that on the second inquiry, a state court decision is contrary to existing Supreme Court precedent when the state court decision "applies a rule of law that contradicts the governing law set forth in Supreme Court cases," or when it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from the Supreme Court's precedent." *Ortiz v. N.Y.S. Parole in Bronx, N.Y.*, 586 F.3d 149, 156 (2d Cir. 2009) (quotation marks, citations, and alterations omitted). "In either event, a state court ruling is 'contrary to' Supreme Court precedent only if it is 'diametrically different, opposite in character or nature, or mutually opposed' to the precedential holding." *Lurie v. Wittner*, 228 F.3d 113, 127 (quotation marks omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Regarding the third inquiry, as this Court discussed at length in *Ancona v. Lantz*, the Supreme Court has provided substantial guidance to lower courts about how to analyze claims under the third, "unreasonable application" inquiry. *See Ancona*, 2005 WL 839655, at *3-5. In sum, two key principles emerge from the Supreme Court's decisions.

First, "a federal habeas court making the 'unreasonable application' inquiry should ask

5

whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. An objectively unreasonable application of federal law is different from an incorrect or erroneous application of federal law. *See Brown v. Payton*, 544 U.S. 133, 147 (2005). As the Second Circuit has summarized, "the AEDPA standard requires 'some increment of incorrectness beyond error.'" *Christie v. Hollins*, 409 F.3d 120, 125 (2d Cir. 2005) (citations and alterations omitted).

Second, in assessing the reasonableness of a state court adjudication, the range of reasonable judgment can depend upon the nature of the rule at issue. For a specific legal rule, "the range may be narrow" – either "plainly correct or incorrect." *Yarborough*, 541 U.S. at 664. Other rules are more general, however, affording state courts "more leeway" in reaching determinations on a case-by-case basis. *See id.*

### III.

With those principles in mind, the Court turns to Mr. Morales's claims. Mr. Morales's petition states two grounds for relief: (1) that he received ineffective assistance from his trial counsel; and (2) that his guilty plea was involuntary. As already noted, the Court previously determined that those claims were properly exhausted. *See* Ruling and Order [doc. # 16] at 3-4.

### A.

Mr. Morales argues that his trial counsel was ineffective for two reasons: (1) when he advised Mr. Morales regarding a guilty plea, counsel misrepresented "the relative strengths of the [S]tate's case and [Mr. Morales's] potential defenses" Pet. [doc. # 1] at 12; and (2) counsel failed to advise Mr. Morales of his right to Sentence Review and failed to file an application for Sentence Review to preserve that right. Since the state habeas court restored Mr. Morales's right to seek

6

Sentence Review, *see Morales I*, 2006 WL 3491687, at *6, and because the Sentence Review Decision in fact did review Mr. Morales's sentence, *see State v. Morales*, No. FSTCR03144818, 2009 WL 2961450 (Conn. Super. Aug. 14, 2009) ("*Morales IV*"), the second basis for Mr. Morales's ineffective assistance of counsel claim is now moot, and the Court will consider only the argument that Mr. Morales's trial counsel provided ineffective assistance when he advised Mr. Morales regarding a guilty plea – that is, the claim that was rejected by the state habeas court.

The correct standard for analyzing Mr. Morales's ineffective assistance of counsel claim is the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a defendant asserting a claim for ineffective assistance of counsel must establish: (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that his counsel's unprofessional errors actually prejudiced the defense. *See id.* at 687-88. With regard to the second prong of the *Strickland* test, "the appropriate standard for prejudice in cases involving plea bargains . . . . was established in *Hill* [*v. Lockhart*, 474 U.S. 52 (1985)], which held that a defendant who enters a plea agreement must show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Premo v. Moore*, --- U.S. ---, 131 S. Ct. 733, 745 (2011) (quoting *Hill*, 474 U.S. at 59). As the Second Circuit has noted, "an ineffective assistance of counsel claim survives [a] guilty plea . . . only where the claim concerns 'the advice [the defendant] received from counsel.'" *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (third alteration in original) (quoting *United States v. Torres*, 129 F.3d 710, 715-16 (2d Cir. 1997)). A defendant cannot claim ineffective assistance of counsel on the basis of "a purported failure [by his counsel] to enhance the defendant's case." *Id.* In other words, a petitioner who pled guilty can succeed on an ineffective assistance of counsel claim only if he can

establish both that (1) he received advice from counsel regarding the plea that fell below an objective standard of reasonableness, and (2) but for counsel's objectively unreasonable advice, he would not have pled guilty.

The state habeas court properly relied on the *Strickland* and *Hill* standards when it considered Mr. Morales's claim that he received ineffective assistance of counsel with regard to his guilty plea. *See Morales I*, 2006 WL 3491687, at *4. Moreover, the state habeas court's application of those standards was not objectively unreasonable. The state habeas court heard testimony from both Mr. Morales and his trial counsel, Attorney Howard Ehring. Mr. Morales testified that his trial counsel did not explain the meaning of his plea; Attorney Ehring was "adamant" that he did advise Mr. Morales on the meaning of his plea and testified that Mr. Morales did not want to go to trial. *Id.* at *5; *see* Habeas Trial Tr., App'x G to Mem. in Opp'n, at 8:19-27, 19:11-20:7, 24:1-25:24. Moreover, Attorney Ehring testified that Mr. Morales never indicated that he was unable to understand what was going on during meetings or court proceedings because the Spanish interpreter spoke another dialect, and that Mr. Morales was able to speak in detail about what happened and aid in his own defense. *See id.* at 29:2-21. The state habeas court found that Attorney Ehring "was straight forward, concise, and detailed in his responses to questions about his representation," and that "[Mr. Morales's] habeas testimony was self-serving." *Morales I*, 2006 WL 3491687, at *5. The court therefore credited Attorney Ehring's testimony and concluded that "there was no deficient performance because Attorney Ehring *did* fully advise [Mr. Morales] on the consequences of his plea and sentence." *Id.* (emphasis in original).

The specific findings of fact made by the state habeas court included:

- Mr. Morales "did not want to take his case to trial and wanted his attorney to arrive at a plea agreement that would include no more than twelve years confinement*." Id.* at *1.

- "The state was completely unwilling to reduce the murder charge to a manslaughter and after negotiations, a plea agreement was achieved in which the petitioner would plead guilty to murder in exchange for a limitation upon the maximum sentence." *Id.*

- Mr. Morales "was . . . thoroughly and properly canvassed as to the providence of his guilty plea before the [trial court]." *Id.* at *2.

- Mr. Morales "was fully and thoroughly advised by his trial defense counsel that he would be deported as a consequence of [his] conviction." *Id.*

The state habeas court's factual findings and credibility determinations are "presumed to be correct," and Mr. Morales has the "burden of rebutting [that] presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Rice v. Collins*, 546 U.S. 333, 338-89 (2006). Mr. Morales has offered no evidence rebutting the state habeas court's factual determinations, and the state habeas court did not unreasonably apply the governing Supreme Court case law when it decided that Attorney Ehring's advice to Mr. Morales regarding his plea and sentence did not fall below an objective standard of reasonableness. *See Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1406 (2011) (noting the "wide latitude counsel must have in making tactical decisions" and affirming that "[b]eyond the general requirement of reasonableness, 'specific guidelines are not appropriate'" (quoting *Strickland*, 466 U.S. at 689, 688)).

In addition, the state habeas court concluded that Mr. Morales had not demonstrated that he was prejudiced by any of his counsel's alleged acts or omissions. The state habeas court observed that Mr. Morales "g[a]ve up his constitutional right to a trial in order to obtain a favorable consideration upon sentencing," and found that no evidence was presented "that would allow a finding that had [Mr. Morales] elected to plead not guilty and take his case to trial, he would have been found not guilty of the offenses to which he pled guilty." *Morales I*, 2006 WL 3491687, at *5-*6. Because it determined that Attorney Ehring's performance was not deficient, and that Mr.

9

Morales was not prejudiced by any of Attorney Ehring's alleged acts or omissions, the state habeas court's decision to reject Mr. Morales's ineffective assistance of counsel claim was not an unreasonable application of clearly established federal law.

**B.**

Mr. Morales's second claim – that his guilty plea was involuntary – largely overlaps with his ineffective assistance of counsel claim. Mr. Morales alleges that he was misled by Attorney Ehring "as to the relative strengths of the state's case and his potential defenses," and "was not accurately informed of the potential sentence he faced if he pled guilty." Pet. [doc. # 1] at 12. He argues that "[h]is decision to enter a guilty plea was thus not knowledgeable and voluntary but was based on false information provided by trial counsel**."** *Id.* The Court finds no support for that argument.

"A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its 'direct consequences.'" *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). Consistent with this standard, the state habeas court considered whether Mr. Morales's plea "was voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences." *Morales I*, 2006 WL 3491687, at *2 (quotation marks and citation omitted). As noted already, the state habeas court heard testimony from both Attorney Ehring and Mr. Morales, and it concluded that Mr. Morales's plea was "voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences," and that "*nothing* [had been] introduced . . . to even challenge the canvass by the trial judge who accepted [the] guilty plea." *Id.* (emphasis in original). This Court has no basis to question the state habeas court's factual findings. *See Rice*, 546 U.S. at 338-89; *cf. Cullen*, 131 S. Ct. at 1401 (noting that "[f]ederal courts sitting in habeas are not an

Morales was not prejudiced by any of Attorney Ehring's alleged acts or omissions, the state habeas court's decision to reject Mr. Morales's ineffective assistance of counsel claim was not an unreasonable application of clearly established federal law.

**B.**

Mr. Morales's second claim – that his guilty plea was involuntary – largely overlaps with his ineffective assistance of counsel claim. Mr. Morales alleges that he was misled by Attorney Ehring "as to the relative strengths of the state's case and his potential defenses," and "was not accurately informed of the potential sentence he faced if he pled guilty." Pet. [doc. # 1] at 12. He argues that "[h]is decision to enter a guilty plea was thus not knowledgeable and voluntary but was based on false information provided by trial counsel**."** *Id.* The Court finds no support for that argument.

"A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its 'direct consequences.'" *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). Consistent with this standard, the state habeas court considered whether Mr. Morales's plea "was voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences." *Morales I*, 2006 WL 3491687, at *2 (quotation marks and citation omitted). As noted already, the state habeas court heard testimony from both Attorney Ehring and Mr. Morales, and it concluded that Mr. Morales's plea was "voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences," and that "*nothing* [had been] introduced . . . to even challenge the canvass by the trial judge who accepted [the] guilty plea." *Id.* (emphasis in original). This Court has no basis to question the state habeas court's factual findings. *See Rice*, 546 U.S. at 338-89; *cf. Cullen*, 131 S. Ct. at 1401 (noting that "[f]ederal courts sitting in habeas are not an

alternative forum for trying facts and issues which a prisoner made an insufficient effort to pursue in state proceedings" (quotation marks and citation omitted; alteration in original)). Given those factual findings and the legal standard applied by the state habeas court, the state habeas court's determination that Mr. Morales's guilty plea was voluntary and intelligent was in no way contrary to or an unreasonable application of clearly established federal law.

**IV.**

For the foregoing reasons, Mr. Morales's Petition for a Writ of Habeas Corpus [doc. # 1] is DENIED. Furthermore, because Mr. Morales has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue. **The Clerk is directed to enter judgment for Respondent and to close this case.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: June 29, 2011.**